## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**THOMAS R. KOZAK**
**d/b/a JETA CO.,**                              **CIVIL ACTION NO. 04-CV-73463**

            **Plaintiff,**                  **DISTRICT JUDGE DENISE PAGE HOOD**

      **v.**                            **MAGISTRATE JUDGE MONA K. MAJZOUB**

**THE UNITED STATES DEPARTMENT**
**OF NAVY, CRANE DIVISION, ET AL.,**

            **Defendants.**
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO COMPEL
## ANSWERS TO REQUEST TO PRODUCE, DEFENDANT'S MOTION
## TO QUASH SUBPOENAS, AND DEFENDANT'S MOTION FOR SANCTIONS

Before the Court are Plaintiff's Motion to Compel Answers to Request to Produce, Defendants' Motion to Quash Subpoenas, and Defendants' Motion for Sanctions.

Plaintiff is an individual doing business as "Jeta Company." Defendant Edge Construction Company ("Edge") was the general contractor under Navy contract N-68950-01-R-3910 ("the Navy contract"). Under the Navy contract, Edge was to design and build a one story Vehicle Maintenance Facility at the Selfridge Air Force National Guard Base. Defendant Solomon Obasuyi is Edge's president, and Defendant RLI Surety provided a surety for the completion of the contract.

Plaintiff was a subcontractor on the Navy contract, hired to perform excavation at the contract site. Plaintiff filed the instant action on September 7, 2004 alleging breach of contract. Plaintiff alleges that he performed his contractual obligations, but has yet to receive two hundred and four thousand dollars in payments owed to him. Edge, in turn, alleges that Plaintiff did not complete the work described in the contract, and also that Plaintiff negligently cut a fiber-optic cable

during the course of the work that he did complete. Edge has counterclaimed for more than twenty thousand dollars in damages stemming from Plaintiff's non-performance and negligence.

## I. Plaintiff's Motion to Compel

On January 19, 2005, Plaintiff filed a Motion to Compel Answers to Requests to Produce. Plaintiff claims that Defendants refused to produce documents in response to his Requests for Production, claiming that requests numbered 1, 2, 3, and 5 sought irrelevant information. Defendants allegedly also refused to produce documents in response to Request for Production number 4 on the ground that the requested discovery was overly broad.

Plaintiff's requests for documents and Defendants' responses are not included in or attached to Plaintiff's motion, or to any other pleading before the Court. As the Court noted on the record at oral argument, Plaintiff's Motion fails to comply with E.D. Mich. L.R. 37.2, which requires that any motion filed pursuant to Fed. R. Civ. P 26 through 37 must include a verbatim recitation of each request that is the subject of the motion or attach the subject discovery requests and/or responses as appendices to the motion. Plaintiff's Motion to Compel is therefore **DENIED**.

## II.   Defendant's Motion to Quash Subpoenas

Defendants Edge Construction Company, Solomon Obasuyi, and RLI Surety filed a Motion and Brief to Quash Subpoenas on April 15, 2005. Plaintiff issued subpoenas duces tecum on the United States Small Business Administration ("SBA"), the "Federal Building" at 333 Mt. Eliot Street in Detroit (seeking immigration records, presumably from the Department of Homeland Security), Bank One, RLI Insurance, and Savriol, Bohde, Wagner Architects & Associates, Inc.

At oral argument, Plaintiff's counsel conceded that the subpoena to the Federal building, seeking Defendant Obasuyi's immigration status, had no logical relation to this contract action, and agreed to withdraw the subpoena.

A motion to quash a subpoena may be made only by an entity with "standing" to do so. Typically, only the subpoenaed entity may properly object to a subpoena. *Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979). However, an entity other than the subpoenaed entity may raise objections to a subpoena for documents in which a personal right or privilege is claimed. *Oliver B. Cannon and Son, Inc. v. Fidelity and Cas. Co. of New York*, 519 F. Supp 668 (D.C. Del. 1981).

Plaintiff served five subpoenas upon entities that are not parties to this case. Bank One, the architectural firm Savriol, Bohde, Wagner Architects and Associates, the SBA, and the "federal building" are not Defendants to this action. Absent a valid claim of privilege, Defendants lack standing to object to these four subpoenas. The record concerning the subpoena served upon RLI Insurance is slightly less clear. The defendant in this case is RLI Surety, not RLI Insurance. At oral argument, Defendants' counsel was asked if RLI Insurance, whom Plaintiff subpoenaed, is in fact Defendant RLI Surety. Defendants' counsel replied that he had no knowledge that RLI Insurance was related to RLI Surety, but he was certain that he did not represent RLI Insurance. Plaintiff's counsel speculated that RLI Surety is the corporate parent of RLI Insurance, which sold the bonding insurance for the Navy contract at issue in this case.

Assuming *arguendo* that RLI Surety does have standing to object, Defendants' substantive objection that the RLI subpoena is unduly burdensome is without merit. Plaintiff seeks from RLI "[a]ll information, transactions, documents, notes or anything regarding Edge Construction Company and Soloman [sic] Obasuyi." Assuming that RLI Insurance underwrote the bonding agreement to this Navy contract, documents reflecting payments and progress on the contract may be relevant to this action. Such documents are likely to lead to admissible evidence of specific contract issues, such as the timing and amount of payments, or any contract alterations. Although the subpoena is not limited by dates, it is limited to transactions, notes, information and/or

documents regarding Edge Construction Company *and* Defendant Obasuyi.  Nothing in the record

to date suggests that RLI Insurance has had any  dealings with any of the other parties to this case.

Therefore, Plaintiff's subpoena is not overly broad in scope.

Defendants have also failed to establish a personal right or privilege in any documents in the

possession of any of the subpoenaed entities.  While Defendants' brief included a rote assertion that

documents in the possession of the SBA contained confidential trade secrets, Defendants have

offered no facts to support this claim.  Defendants have failed to carry their burden of proof

concerning the existence of a right or privilege in documents held by the SBA.

Defendant's Motion to Quash Subpoenas is therefore **DENIED**.  Plaintiff's subpoena to "the Federal

Building" at 333 Mt. Eliot Street in Detroit is **ORDERED** withdrawn.

## III.    Defendants' Motion for Sanctions

Defendants Edge Construction Company, Solomon Obasuyi, and RLI Surety filed a Motion

for Sanctions on April 15, 2005.  Defendants allege that Plaintiff's complaint is frivolous, and was

filed in bad faith and in violation of Fed. R. Civ. P. 11.  Fed. R. Civ. P. 11 requires that an attorney

presenting a pleading to the court have a good faith belief after reasonable inquiry that "the claims,

defenses, and other legal contentions . . . are warranted by existing law or by a nonfrivolous

argument for the extension, modification, or reversal of existing law" and that "the allegations and

other factual contentions have evidentiary support or . . . are likely to have evidentiary support after

a reasonable opportunity for further investigation."

Defendant argues that Plaintiff and his attorney violated Rule 11 because they knew that the

factual allegations in the complaint were unfounded and the legal theory was frivolous when they

filed the complaint.  Defendants argue that Plaintiff was paid approximately one hundred and ninety

five thousand dollars for work under the contract, and is not entitled to anything more.  In support,

Defendants cite a series of partial waivers of Plaintiff's right to a construction lien appended to Defendants' motion as exhibit C. Each form contains language stating: "This Waiver, together with all previous Waivers, if any (circle one) does/does not cover all amounts due to me/us for contract improvements provided through the date shown above." Nothing is circled on any of the waiver forms. While the documents may be evidence that Plaintiff waived his right to assert a construction lien, they are not evidence that Plaintiff received full payment under the contract. Defendants also cite documents they allege are invoices from Plaintiff, which appear to show partial payment of some contract items. As evidence of payments made to Plaintiff, Defendants appear to rely on checks made out to "Center Line Electrical." Since Defendants have failed to establish any relationship between Center Line Electrical and Plaintiff, evidence that payments were made to Center Line Electrical is not proof that Plaintiff received any payments whatsoever.

In rebuttal, Plaintiff argues that Defendants misunderstand Plaintiff's contract claim. Plaintiff alleges that the original Navy contract was altered. Plaintiff claims Defendants paid and received more money under the contract as a result of these alterations, and that the terms of the contract now entitle Plaintiff to additional payments that Defendants refuse to make.

When evaluating a motion for sanctions under Fed. R. Civ. P. 11, the court measures the conduct of the non-moving party by an objective standard of reasonableness under the circumstances, and weighs the evidence to determine if counsel's pleadings are well-grounded in facts and law. *Mann V. G & G Mfg., Inc.,* 900 F.2d 953 (6th Cir. 1990). Defendants have produced some evidence that Plaintiff has received at least some of the payments due to him under the original contract. Plaintiff, for his part, has produced some facts tending to support his argument that he is still owed more than Defendants have paid him, due in part to alterations in the original contract. Defendants have not made a sufficient showing that Plaintiff's legal theory is frivolous or is being

propounded in bad faith or that Plaintiff's allegations are not well-grounded in the facts and the law. Plaintiff's counsel's pleadings appear to have reasonable evidentiary support under the circumstances. Accordingly, Defendants' Motion for Sanctions is **DENIED**.

**IT IS SO ORDERED.**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 23, 2005                              s/ Mona K. Majzoub_____
                                                  MONA K. MAJZOUB
                                                  UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 23, 2005                              s/ Lisa C. Bartlett_____
                                                  Courtroom Deputy