UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**THOMAS R. KOZAK, d/b/a**
**JETA COMPANY,**

    Plaintiff,

v.                                                                          Case No. 04-73463

                                                   HONORABLE DENISE PAGE HOOD

**THE UNITED STATES DEPARTMENT**
**OF NAVY, CRANE DIVISION; EDGE**
**CONSTRUCTION COMPANY; SOLOMON**
**OBASUYI,** President of Edge Construction;
**RLI SURETY,** Jointly and Severally,

    Defendants.
_____/

**MEMORANDUM OPINION & ORDER**

**I. INTRODUCTION**

       This matter is before the Court on Defendant United States Department of Navy, Crane Division's Motion to Dismiss filed November 15, 2004, and Defendants Edge Construction Company, Solomon Obasuyi, and RLI Surety's Motion for Summary Judgment and Motion to Dismiss filed on December 20, 2004. Plaintiffs filed their Response to the Motions to Dismiss on January 19, 2005.

       In its Motion, Defendant United States Department of Navy, Crane Division asks this Court to dismiss Plaintiff's Complaint because of sovereign immunity and lack of subject matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1). In the alternative, Defendant asks this Court to dismiss Plaintiff's Complaint because Plaintiff fails to state a claim upon relief

1

can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).

In their Motion, Defendants Edge Construction Company, Solomon Obasuyi, and RLI Surety ask this Court to dismiss Plaintiff's Complaint because Plaintiff fails to state a claim upon relief can be granted pursuant to Federal Rules of Civil Procedure 12(b)(6).  In the alternative, Defendants ask this Court to enter judgment in their favor pursuant to Federal Rules of Civil Procedure 56.

For the reasons stated herein, this Court GRANTS Defendant United States Department of Navy, Crane Division's Motion to Dismiss; GRANTS in part and DENIES in part Defendants Edge Construction Company, Solomon Obasuyi, and RLI Surety's Motion for Summary Judgment and Motion to Dismiss; DISMISSES with prejudice Plaintiff's claims as to the United States Department of the Navy, Crane Division; DISMISSES any breach of contract claim Plaintiff has against RLI Surety, however, Plaintiff may amend its complaint to bring a claim under the Miller Act within 10 days from entry of this order; and DISMISSES Plaintiff's claims as to Solomon Obasuyi.

## II.  STATEMENT OF FACTS

### Background and Procedural History

This case involves a claim under breach of contract.  (Pls. Comp. at 1.)  On September 7, 2004, Plaintiff Thomas R. Kozak, d/b/a Jeta Company [hereinafter "Jeta"], a subcontractor under Navy contract N-689050-01-R-3910 between Edge Construction Company [hereinafter "Edge"], as general contractor, and the United States Department of the Navy [hereinafter "Navy"], as contract issuer, filed suit against the Navy, Edge, Edge's President Solomon Obasuyi, and RLI Surety.  (Def. Navy's Mot. To Dismiss at 2).  RLI Surety (also indicated as RLI Insurance Company) is the company through which Edge Construction posted a bond to protect the federal

government's interest. (Pls. Comp. At 2). The contract between Edge and the Navy pertained to the design and construction of a one story Vehicle Maintenance Facility at the Selfridge Air National Guard Base located in this district. (Def. Navy's Mot. To Dismiss at 2). On October 21, 2002, Jeta entered into a Subcontract Agreement with Edge. (Pls. Comp. at 7). Jeta alleges that it failed to receive payment on invoices owed to them pursuant to their contract with Edge in the amount of $204,143.96. (Pls. Comp. ¶ 6; Def. Navy's Mot. To Dismiss at 2).

On September 28, 2004, Defendant Edge, along with its answer to Plaintiff Jeta's Complaint, filed a counterclaim alleging that Jeta failed to perform all duties under the subcontract and failed to perform duties in a workmanlike manner, (Defs.' Answer to Comp., Countercl. ¶ 13, 17-18), damaged an existing fiber optic line, (Defs.' Answer to Comp., Countercl. ¶ 14), and refused to repair the damage to said fiber optic line requiring Edge to seek an alternative subcontractor to repair the damage at a cost in excess of $22,000 (Defs.' Answer to Comp., Countercl. ¶ 16).

### III. STANDARD OF REVIEW

A Federal Rule of Civil Procedure 12(b)(1) motion can either attack a claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). *See also*, *Golden v. Gorno Bros., Inc.*, 410 F.3d 879 (6th Cir. 2005); *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990). A dismissal under 12(b)(1) allows for the possibility of repleading the action to bring it within the subject matter jurisdiction of some court. *Ohio Nat'l Life*, 922 F.2d at 325. The res judicata effect of a 12(b)(1) motion is consequently limited to the jurisdictional issue.

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss for failure to state a claim upon which relief can be granted. This type of motion tests the legal sufficiency of the Plaintiff's Complaint. *Davey v. Tomlinson*, 627 F. Supp. 1458, 1463 (E.D. Mich. 1986). A court takes the factual allegations in the Complaint as true when evaluating the propriety of dismissal under Fed. R. Civ. P. 12(b)(6). *Ziegler v. IBP Hog Market, Inc.*, 249 F.3d 509,512 (6th Cir. 2001); *Hoeberling v. Nolan*, 49 F. Supp.2d 575, 577 (E.D. Mich. 1999). Further, the court construes the complaint in the light most favorable to the plaintiff, and determines whether it is beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Varljen v. Cleveland Gear Co., Inc.*, 250 F.3d 426, 429 (6th Cir. 2001).

## IV.  APPLICABLE LAW & ANALYSIS

### A.  Defendant Navy's - Rule 12(b)(1) Motion

Defendant Navy asserts that Jeta has not alleged any waiver of sovereign immunity that would allow it to sue the Navy in this Court. (Def. Navy's Mot. To Dismiss at 3). Defendant Navy cites *United States v. Testan*, 424 U.S. 392 (1976), and *United States v. Whittle*, 7 F.3d 1259 (6th Cir. 1993), as authority that the United States and its agencies are immune from suit unless it consents to be sued. In *Testan,* the Supreme Court stated "it has long been established, of course, that the United States, as sovereign, 'is immune from suit save as it consents to be sued...and the terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit.' *Testan*, 424 U.S. at 953. (citing *United States v. Sherwood*, 312 U.S. 584 (1941). In *Whittle*, the Sixth Circuit Court of Appeals went on to explain that, "[t]his principle extends to agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity." *Whittle*, 7 F.3d at 1262. The Plaintiff, "bears the burden of establishing subject matter jurisdiction of the court over his claim." *Id*. Whittle was an attorney

4

who graduated from a nonaccredited law school and brought an action against the Internal Revenue Service challenging regulations requiring that applicants for specific IRS and Army positions be graduates of accredited law schools. *Id.* at 1259.

Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. (Pls. Comp. ¶ 1). None of these jurisdictional statutes include a waiver by the United States or its agencies to a lawsuit by Plaintiff. Therefore, this Court lacks subject matter jurisdiction over Defendant Navy and dismisses Plaintiff's claim in regards to Defendant Navy.

**B. Defendants Edge Construction Company and RLI Surety's - Rule 12(b)(6) Motion**

**1. Breach of Contract as to Defendant Edge**

To recover for breach of contract under Michigan law, plaintiff must prove: (1) existence of a contract; (2) terms of contract; (3) that defendant breached contract; and (4) that breach caused his injury. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999).

**(A) Existence of a Contract**

It is undisputed that a contract existed between Defendant Edge and Plaintiff Jeta. (Pls. Comp., Ex. 2; Defs.' Mot. For Summ. Disposition and Mot. To Dismiss, Ex. A).

**(B) Terms of Contract**

The terms of the contract are also undisputed. (Pls. Comp., Ex. 2; Defs.' Mot. For Summ. Disposition and Mot. To Dismiss, Ex. A)

**(C) Defendant Breached the Contract and (D) Breach Caused Injury**

Plaintiff asserts that Defendants Navy, Edge, Edge's President Solomon Obasuyi, and RLI Surety breached the contract agreement where it states in Article One of the Contract:

> Progress payments, less Retainage of 10%, shall be made to Sub-

> Contractor for work satisfactorily performed no later than seven days after receipt by Contractor of payment from Owner/Architect for Sub-Contractor's work. The Contractor shall make final payment from Owner to Sub-Contractor when the Sub-Contractor's work is fully performed in accordance with the requirements of the Contract Document, i.e. drawing, specifications. These payments are subject to receipt of such lien waivers, affidavits, warranties, guarantees, etc. as required by the Contract documents. Sub-Contractor acknowledges that labor is to be performed at prevailing wages.

(Pls. Comp. ¶ 7).

Plaintiff further asserts that Plaintiff has completed its work and there have been no claims of performance, no official claims of incomplete work, and all work contracted by Plaintiff with Defendant Edge has been invoiced and payment has not been received. (Pls. Comp. ¶ 8). Plaintiff also asserts that Defendant Jeta is an agent of Defendant Navy. (Pls. Comp. ¶ 5). The issue as to Defendant Navy has been addressed above.

Defendant Edge asserts that Plaintiff failed to finish the work pursuant to the contract and damaged an existing fiber optic line. (Defs.' Mot. For Summ. Disposition and Mot. To Dismiss at 6). In addition, Defendant Edge asserts that Defendant paid the Plaintiff in full and expended additional monies to correct the poor quality work of the Plaintiff, along with the damages to the fiber optic line that Plaintiff refused to repair. (Defs.' Mot. For Summ. Disposition and Mot. To Dismiss at 6-7). Defendant also indicates that it has provided this Court with waivers, signed by Plaintiff Jeta, which acknowledge payment. (Defs.' Mot. For Summ. Disposition and Mot. To Dismiss at 10). The waivers submitted to this Court by Defendant Edge do not conclusively demonstrate payment of the disputed amount to Plaintiff Jeta. Plaintiff asserts that Defendants have attempted to misrepresent the dollar amount that is owed to Plaintiff Jeta, and that the amount indicated in their claim is the amount owed. (Pls. Answer to Defs.' Mot. For Summ. Disposition and Mot. To Dismiss at 2).

Plaintiff has pled all of the elements necessary to state a prima facie case of breach of contract.  Therefore, Defendant Edge's Motion to Dismiss is denied.

**1. Breach of Contract as to Defendant RLI Surety**

**(A) Existence of a Contract**

There are no facts which indicate that a contract existed between Plaintiff Jeta and Defendant RLI Surety.  (Pls. Comp., Ex. 2; Defs.' Mot. For Summ. Disposition and Mot. To Dismiss, Ex. A).

However, Plaintiff may have a claim against RLI Surety under the Miller Act.  40 U.S.C. § 3133(b)(1) states:

> Every person that has furnished labor or material in carrying out work provided for in a contract in which a payment bond is furnished under section 3131 of this title and that has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material for which the claim is made may bring a civil action on the payment bond for the amount unpaid at the time the civil action is brought and may prosecute the action to final execution and judgment for the amount due.

40 U.S.C. § 3133(b)(1).

Section 3131 states:

> Before any contract of more than $100,000 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish to the Government the following bonds, which become binding when the contract is awarded: (1) Performance bond.– A performance bond with surety satisfactory to the officer considers adequate, for the protection of the Government...

40 U.S.C. § 3131(b)(1).

The Miller Act, 40 U.S.C. § 270a *et seq*., now 40 U.S.C. § 3131, requires a prime contractor on a federal construction project to post both a performance bond and a payment bond.  *United States v. Int'l Fidelity Ins. Co.*, 200 F.3d 456, 459 (6th Cir. 2000).  The payment

bond provides security to persons who supply labor or materials for the project. *Id*. Such suppliers are precluded from filing liens on government facilities, and instead are granted a federal cause of action to satisfy any deficiency in payment by the prime contractor. *Id*. Because of the remedial nature of the Act, its provisions are to be liberally construed. *Id*.

Plaintiff indicates the Defendant Edge posted a bond through RLI Insurance Company to protect the federal government interests, and that the non-payment by Defendant Edge to Plaintiff Jeta establishes liability. (Pls. Comp. At 2). Defendant RLI Surety asserts that it has no liability or legal obligation in this matter. (Defs.' Mot. For Summ. Disposition and Mot. To Dismiss at 6). However, Defendant cites no authority for this conclusion and *Int'l Fidelity Ins. Co.* and 40 U.S.C. § 3133(b)(1) indicate that there is a potential cause of action for Plaintiff Jeta against RLI Surety. Therefore, Defendant RLI Surety's Motion to Dismiss is granted, under a breach of contract theory. Although Plaintiff Jeta does not allege a claim under the Miller Act, Plaintiff may amend his Complaint within ten days from the entry of this order.

### C. Defendant Solomon Obasuyi's - Rule 12(b)(6) Motion

Plaintiff Jeta asserts that Defendant Obasuyi, President of Edge (Defs.' Mot. For Summ. Disposition and Mot. To Dismiss at 1), an incorporated company (Pls. Comp. ¶ 4), is liable under the breach of contract claim. (Pls. Comp. ¶ 7). Defendant Obasuyi asserts that Plaintiff has not specified its basis for piercing the corporate veil to subject Defendant Obasuyi to personal liability. (Defs.' Mot. For Summ. Disposition and Mot. To Dismiss at 10).

[T]he corporate veil may be pierced and the shareholder held liable for the corporation's conduct when, *inter alia*, the corporate form would otherwise be misused to accomplish certain wrongful purposes, most notably fraud, on the shareholder behalf. *United States v. Bestfoods*, 524 U.S. 51, 52 (1998). Defendant Obasuyi cites *United States v. Cordova Chemical Co.,* 113

F.3d 572, (6th Cir. 1997), but this decision was vacated by *Bestfoods*.

More specifically, in the state of Michigan, the corporate veil can be pierced if:

> 'there are substantial reasons for doing so' after weighing: (1) the amount of respect given to the separate entity of the corporation by its shareholders; (2) the degree of injustice visited on the litigants by recognition of the corporate entity; and (3) the fraudulent intent of the incorporators. Factors to be considered include undercapitalization of the corporation, the maintenance of separate books, the separation of corporate and individual finances, the use of the corporation to support fraud or illegality, the honoring of corporate formalities, and whether the corporation is merely a sham.

*Michigan State Painters Ins. Fund v. Ron Simmons Painting, Inc.*, 875 F.Supp. 417, 423 (E.D. Mich. 1995).

Plaintiff Jeta indicates that Defendant Obasuyi cannot be dismissed since he has not provided discovery that would reveal that he had pierced his corporate protection. (Pls. Answer to Defs.' Mot. For Summ. Disposition and Mot. To Dismiss at 3). However, discovery in this action was due to be completed initially on March 15, 2005. (Scheduling Order, Docket No. 11, filed November 15, 2004). Discovery was enlarged by stipulation of both parties to April 29, 2005. (Order for Enlargement of Time for Def. Navy to Serve Resp., Docket No. 24, April 19, 2005). On January 19, 2005, Plaintiff Jeta filed Plaintiff's Motion to Compel Answers to Request to Produce, and on June 23, 2005, the Motion to Compel was denied by the Magistrate Judge. Plaintiff did not appeal the order of the Magistrate Judge.

Plaintiff Jeta has not pled: (1) the amount of respect given to the separate entity of the corporation by its shareholders; (2) the degree of injustice visited on the litigants by recognition of the corporate entity; and (3) the fraudulent intent of the incorporators. Plaintiff has asserted that Defendant Obasuyi violated Article One of the contract between Plaintiff and Defendant Eagle Construction Company. (Pls. Comp. ¶ 7; Pls. Comp., Ex. 2). Therefore, Plaintiff Jeta has

not pled a claim sufficient to pierce the corporate veil against Defendant Obasuyi and the breach of contract claim against Defendant Obasuyi is dismissed.

### D. Defendant's Rule 56 Motion

Defendant's Edge Construction Company, Solomon Obasuyi, and RLI Surety ask this Court to grant its Motion pursuant to Federal Rules of Civil Procedure 56. (Defs.' Mot. For Summ. Disposition and Mot. To Dismiss at 7). While Defendants cite the authorities upon which Rule 56 motions rest, they fail to support their Motion with a showing that there are no genuine issues of material fact, and that Defendants are entitled to judgment as a matter of law. Therefore, Defendant's Motion for Summary Judgment is denied.

### E. Subject Matter Jurisdiction of this Court

Plaintiff asserts that this Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. (Pls. Comp. ¶ 1). Due to the fact that Defendant United States Department of Navy, Crane Division's Motion to Dismiss has been granted, this Court no longer has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. If Plaintiff Jeta amends the Complaint to include a Miller Act claim, then this Court would still have subject matter jurisdiction in regards to Plaintiff's pendent breach of contract claim against Defendant Edge, and Defendant Edge's counterclaim pursuant to 28 U.S.C. § 1367(a). "Where an action in federal court includes both federal and pendent state claims and the court dismisses the federal claims before trial on a motion for summary judgment, the pendent claims are ordinarily dismissed as well." *Williams v. City of River Rouge*, 909 F.2d 151, 157 (6th Cir. 1990). Therefore, if Plaintiff Jeta chooses not to amend his Complaint, then pursuant to 28 U.S.C. § 1367(c)(3), this Court declines to exercise supplemental jurisdiction and the remaining claims of Plaintiff will be dismissed without prejudice.

## V.  CONCLUSION

For the reasons set forth above,

    IT IS ORDERED that Defendant Navy's Motion to Dismiss **[Docket No. 8, filed November 15, 2004]** is GRANTED and Defendant United States Department of Navy, Crane Division is DISMISSED with prejudice.

    IT IS FURTHER ORDERED that Defendants Motion for Summary Disposition and Motion to Dismiss **[Docket No. 13, filed December 20, 2004]** is GRANTED IN PART and DENIED IN PART.  As to DEFENDANT EDGE CONSTRUCTION COMPANY, the Motion is DENIED; as to any Motion pertaining to a breach of contract claim against RLI Surety, the Motion is GRANTED, however, Plaintiff may amend its complaint to bring a claim under the Miller Act within 10 days from entry of this order; as to DEFENDANT SOLOMON OBASUYI, the Motion is GRANTED and Defendant Solomon Obasuyi is DISMISSED.

                                                                           /s/ Denise Page Hood  
                                                                        DENISE PAGE HOOD  
                                                                        United States District Judge

DATED: September 12, 2005